UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY S POWERS,<br><br>    Plaintiff,<br><br>    v.<br><br>SEAN LAYTON, et al.,<br><br>    Defendants. | Case No. 21-cv-06382-AGT<br><br>**SCREENING ORDER** |

Having granted pro se plaintiff Tammy Powers's application to proceed *in forma pauperis*, *see* Dkt. 8, the undersigned magistrate judge now screens her complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), and concludes that it is deficient. The Clerk of the Court is accordingly instructed not to issue summonses or to serve Powers's complaint on the defendants. If Powers fails to file a satisfactory amendment, the undersigned will recommend that a district judge dismiss her case.[1]

**A.    Complaint Allegations**

On June 2, 2021, Powers was riding her motorcycle on Highway I-580 in Emeryville, California, when she was rear-ended by a pickup truck and "sent to the pavement at 70 mph." Dkt. 1, Compl. at 4–5. Powers sustained a broken right thumb and she continues to experience pain in her neck and back from the impact. *Id.* at 5. She alleges that the other driver was at fault for the accident. *Id*.

---

[1] Powers declined to consent to magistrate judge jurisdiction. *See* Dkt. 6. But that decision by her does not affect the undersigned's ability to issue this screening order, which is not dispositive of Powers's claims. *See* 28 U.S.C. § 636(b)(1)(A); *Mitchell v. Valenzuela*, 791 F.3d 1166, 1168–69 (9th Cir. 2015) (even without consent, magistrate judges have authority to determine non-dispositive matters).

Shortly after the accident, the California Highway Patrol ("CHP") completed a traffic collision report, authored by CHP Officer Sean Layton and signed and approved by CHP Officer K. Yamaguchi, which concludes that Powers was at fault for the accident. *Id.* at 4. According to Powers, the CHP's collision report is inaccurate, speculative, omits all evidence in her favor, and wrongfully concludes that she caused the collision. *Id.* Powers also claims that the other driver "lied to a gullible California Highway Patrolman [] about doing the crime." *Id.* at 5. She alleges that as a result of the CHP's "bogus" collision report, the other driver's insurer has refused to pay for her medical bills and treatment costs resulting from the accident, and she cannot afford to pay for those expenses out-of-pocket. *Id.*

On July 12, 2021, Powers spoke on the phone with CHP Lieutenant Oliver about her "disagreements" with the collision report. *Id.* at 4–5. Following that phone call, Powers filed this 42 U.S.C. § 1983 action against Officer Layton, Officer Yamaguchi, and Lieutenant Oliver, alleging that they violated her due process rights "by writing and/or endorsing a completely inaccurate and speculative collision report." *Id.* at 3. Powers alleges that Officer Layton "wrongfully conclude[ed] that [she] was at fault" and "chose to write a completely speculative and nonsensical collision report"; that Officer Yamaguchi "signed his name endorsing [the] report"; and that Lieutenant Oliver "has direct knowledge of [her] disagreements with the report" and "is being named as *respondeat superior*." *Id.* at 4–5. Powers seeks various forms of relief, including $60,000,000 in compensatory and punitive damages and a court order requiring the CHP to "reexamine the evidence of the collision." *Id.* at 5. Powers also requests that the other driver "be arrested, charged, and prosecuted for assault [sic] with a deadly weapon: motor vehicle, to the fullest extent of the law." *Id.*

**B.     Analysis**

Powers is proceeding *in forma pauperis*, which means that she has been allowed to commence her case without paying filing fees. The Court, in consequence, must screen and dismiss her complaint if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be

2

granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("Dismissal [under Rule 12(b)(6)] can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."). Powers's allegations here fall short of that standard.

As an initial matter, to the extent Powers seeks to assert a violation of her Fifth Amendment due process rights, that claim fails as a matter of law.[2] All three defendants are state law enforcement officials employed by the CHP, and "the Fifth Amendment's due process clause only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008); *see Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States."). Because none of the defendants are federal officials, Powers "has no cause of action under the Fifth Amendment." *Bingue*, 512 F.3d at 1174.

Powers has also failed to state a due process claim under the Fourteenth Amendment. The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process. A § 1983 claim for violation of procedural due process has three elements: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *see also Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) ("To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property."). To have a constitutionally protected

---

[2] On the civil cover sheet filed with her complaint, Powers indicates that she is asserting claims for "violation of [her] 5th & 14th Amendment rights to Due Process of Law." *See* Dkt. 1-1 at 1.

property interest, a plaintiff must have "a legitimate claim of entitlement." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). A liberty interest, on the other hand, "may be derived from the Due Process Clause itself or from the laws of the states." *Browning v. Verno*n, 44 F.3d 818, 821 (9th Cir. 1995).

Here, Powers has not identified any constitutionally protected property or liberty interest of which she was deprived. In alleging violations of her due process rights, Powers asserts that she has anxiety and nightmares about the accident, she is no longer able to work as a mechanic because her right hand is permanently injured, and she continues to experience pain in her neck and back—all injuries she appears to attribute to "defendants' Due Process violating report that wrongfully blamed [her] for this collision." Compl. at 5. These injuries and losses, however, resulted from Powers's motorcycle accident, not the CHP's collision report. Moreover, as other courts have recognized, there is no constitutional right to an accurate or favorable accident report. *See, e.g.*, *Chang v. Beauchamp*, 2021 WL 667498, at *3 (N.D. Cal. Jan. 19, 2021) ("Plaintiff does not have a constitutionally protected right to a favorable accident report or the outcome of CHP's internal investigation."), *aff'd*, 2022 WL 576022 (9th Cir. Feb. 25, 2022); *Mendoza v. United States*, 2017 WL 1198924, at *12 (S.D. Cal. Mar. 31, 2017 (recognizing the "non-existence of a fundamental right to a correct traffic report, protected by the United States Constitution"); *see also Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (holding that allegations of an inadequate investigation by law enforcement will not support a § 1983 due process claim). Thus, to the extent Powers is attempting to state a due process claim based upon the CHP's "speculative and nonsensical collision report," such a claim is not viable.

Powers's conclusory allegations that Officer Layton "chose to describe evidence that doesn't exist" and "chose to hide evidence that does exist" are also insufficient to support a due process claim. Even if these assertions were true, "the fact that a false, incomplete or fraudulent police report has been filed is insufficient to state a § 1983 claim." *Bronner v. San Francisco Superior Ct.*, 2010 WL 2650500, at *5 (N.D. Cal. July 1, 2010) (citation omitted). Rather, "there must be some constitutional deprivation that flows from the report." *Id.* Powers has not identified any constitutional harm resulting from Officer Layton's alleged "bogus" collision report.

Although Powers may believe she is entitled to recover from the other driver's insurer for the accident, her allegations fail to establish that she has a "legitimate claim of entitlement" to any payment that is being withheld. *See Roth*, 408 U.S. at 577.

Finally, the Court notes that there is no *respondeat superior* liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). This means that Powers cannot sue Lieutenant Oliver under § 1983 simply because he is a supervisor; rather, she must allege facts showing that Lieutenant Oliver, "through [his] own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 662. Powers must also do the same for Officer Yamaguchi. Her allegation that Officer Yamaguchi "knows the report exists, he checked it over and approved it" is far from enough to support a § 1983 claim against him. *See Baker v. McCollan*, 443 U.S. 137, 142 (1979) ("[A] public official is liable under § 1983 only 'if he *causes* the plaintiff to be subjected to deprivation of his constitutional rights.'") (citation omitted).

In sum, because Powers has failed to state a claim for relief against any of the defendants, her claims against them cannot move forward at this time. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Conclusion

Powers may file an amended complaint, by September 18, 2022, to correct the identified deficiencies. If she does not file an amended complaint by that date, or if her amended complaint is still deficient, the undersigned will recommend that a district judge dismiss this case.

Powers is encouraged to visit the Northern District of California's website, where she can obtain information and resources about appearing pro se. *See* U.S. District Court, N.D. Cal., Representing Yourself, https://cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: August 19, 2022

ALEX G. TSE
United States Magistrate Judge